**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-50135
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES DESHAWN HUTCHINS, also known as James Hutchins,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-191-2

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Deshawn Hutchins was convicted of aiding and abetting the possession with intent to distribute five grams or more of cocaine base, aiding and abetting the possession with intent to distribute cocaine, and aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime.

Hutchins argues that the evidence was insufficient to support his convictions. "This court must affirm a conviction if the evidence, viewed in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light most favorable to the verdict, with all reasonable inferences and credibility choices made in support of it, is such that a trier of fact reasonably could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Pando Franco*, 503 F.3d 389, 393-94 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1874 (2008).

Anyone who "aids, abets, counsels, commands, induces or procures" the commission of an offense "is punishable as a principal." 18 U.S.C. § 2. To prove aiding and abetting, the Government must prove that the elements of the substantive offense occurred and that the defendant associated himself with the venture, participated in the venture, and sought by his actions to make the venture succeed. *Pando Franco*, 503 F.3d at 394. Hutchins does not argue that the Government failed to prove that the elements of the substantive offenses occurred. He argues that the evidence is insufficient to support the other elements of aiding and abetting.

According to the evidence at trial, Hutchins was a passenger in a SUV that was stopped around 1:15 in the morning on July 30, 2008, in Odessa, Texas. A police officer saw Hutchins making "stuffing" or "reaching" movements toward the passenger door compartment of the SUV, where marijuana was found. In a pair of shorts found in the middle of the third seat of the SUV, police officers found a bag of crack cocaine, a bag of powder cocaine, a handgun, and a photocopy of the driver's license of the SUV's driver, Johnny McBride, Jr., who was Hutchins's cousin. Experts testified that the amounts of crack cocaine (20.26 grams) and of powder cocaine (22.96 grams) were consistent with an intent to distribute. McBride had on his person over $1000 in cash, broken into $100 increments, consistent with drug trafficking. Hutchins admitted to FBI agents that, after dark on July 29, 2008, he and McBride had stolen the drugs and gun from the Hobbs, New Mexico, home of a person McBride knew to be a drug dealer and then had returned to Odessa for a family function.

2

This evidence was sufficient to satisfy the remaining elements of aiding and abetting. Hutchins admitted that he and McBride broke into a known drug dealer's home and stole the drugs and a firearm. This established, or at least supported a reasonable inference, that Hutchins shared the criminal intent to possess the drugs with an intent to distribute them and to possess the firearm in furtherance of the drug trafficking crime. It also established that Hutchins engaged in affirmative conduct designed to make the venture succeed and sought by his actions to make the venture succeed. *See Pando Franco*, 503 F.3d at 394. Although Hutchins did not provide detailed information to the FBI agents regarding the Hobbs home or an estimated time that he and McBride burglarized it, that does not negate the testimony that Hutchins admitted that he and McBride burglarized a home and stole the drugs and guns that were later found in the SUV. The lack of Hutchins's fingerprints on these items is of no moment because a fingerprint expert testified that he was unable to lift any usable latent prints from these items. Because a rational trier of fact could have found that Hutchins aided and abetted the substantive offenses, his challenge to the sufficiency of the evidence fails.

Hutchins also argues that the district court erred in denying him a reduction in his offense level for his minor role in the offense under U.S.S.G. § 3B1.2. A minor role reduction applies only to a defendant who is substantially less culpable than the average participant and "peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005). The defendant has the burden of showing that he is entitled to the adjustment. *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).

Even if McBride was the source of the information about the drug dealer's home, Hutchins, by his own admission, fully participated in the burglary of that home and stole the drugs and firearm that were the subject of the aiding and abetting charges. Thus, Hutchins's participation was not peripheral, but was essential, to the advancement of the illicit activity, *see Villanueva*, 408 F.3d at

3

204, and was clearly "coextensive with the conduct for which he was held accountable." *See Garcia*, 242 F.3d at 598-99. Because Hutchins's role in the offense was not minor, the district court did not clearly err in denying him a role adjustment under § 3B1.2. *See Villanueva*, 408 F.3d at 203 & n.9.

AFFIRMED.